IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CUONG PHAM, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF PHILADELPHIA, et al., | : | NO.  17-5417 |
|     Respondents. | : | |

## MEMORANDUM

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                     December 20, 2017

        Before the Court for Report and Recommendation is the *pro se* petition of Cuong Pham ("Pham" or "Petitioner") for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges a conviction obtained against him on March 23, 2015 in the Philadelphia Court of Common Pleas for patronizing prostitutes for which he was sentenced to a maximum term of 12 months county incarceration.  (Pet. at 1.)

        As we set out below, we cannot determine from the present record if Pham satisfies the custody requirement for habeas jurisdiction.  We are filing this Memorandum in support of our order to Petitioner to show cause why this matter should not be dismissed.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

        Pham was arrested on December 9, 2010 after he solicited an undercover police officer for a sex act.  He was first tried in June, 2012 and was convicted following a two-day jury trial.  The Superior Court, however, reversed his conviction and remanded for new trial in light of

1

improper references at trial to Pham's post-arrest silence. *See Commonwealth v. Pham*, No. 2853 EDA 2012, slip opin. (Pa. Super. Ct. Apr. 22, 2014), *appended to* Pet. (Doc. 1). On re-trial, Pham waived his right to a jury and proceeded to a bench trial. He was convicted on March 23, 2015 and sentenced to 6-12 months of county incarceration. Pham again appealed, challenging the weight and sufficiency of the evidence supporting the conviction. He also asserted that the prosecutor misrepresented certain facts in the closing argument. A panel of the Superior Court affirmed the conviction, with one judge dissenting. *See Commonwealth v. Pham*, No. 1958 EDA 2015, slip opin. (Pa. Super. Ct. Nov. 22, 2016), *appended to* Pet. (Doc. 1). Pham sought review in the Pennsylvania Supreme Court, but that court denied allowance of appeal on September 8, 2017. *See Commonwealth v. Pham*, No. 85 EAL 2017, Allocatur Dkt. Sheet at 3 (Pa.), *avail. through* Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us (last visited Dec. 15, 2017).

The Common Pleas Court Docket available online reflects that Pham recently filed a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA"). His petition was docketed on December 7, 2017 and counsel was appointed on December 13, 2017. His case is listed for a conference on January 30, 2018. *See Commonwealth v. Pham*, No. CP-51-CR-0014307-2011, Criminal Dkt. Sheet at 3, 19 (Phila. Comm. Pl. Ct.), *avail. through* Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us (last visited Dec. 15, 2017).

Just three days before he filed his PCRA petition in the Court of Common Pleas, on December 4, 2017, Pham filed his *pro se* habeas petition in this Court. On December 12, 2017, the Court referred this matter to me for preparation of a Report and Recommendation. We promptly commenced review of the petition and the attached documents, which included a

number of the state court transcripts and decisions. We observed that Pham did not identify on the form petition a "place of confinement" other than "Philadelphia" and that he did not name anyone in the space on the form calling for the "warden, superintendent, jailor, or authorized person having custody of petitioner." *See* Pet. at 4. Moreover, his address of record is in Pennsauken, New Jersey and does not appear to be the address of any correctional institution. Thus, Pham did not appear to be incarcerated when he filed his petition. It is not clear from the record whether he was under any form of supervision relating to the sentence imposed in CP-51-CR-0014307-2011 when he filed his habeas petition on December 4, 2017.

## II. DISCUSSION

In order for a federal court to have subject matter jurisdiction over a petition for a writ of habeas corpus challenging a judgment of a state court, the petitioner must be "in custody" as the result of the state conviction being challenged. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). *See also Carafas v. LeVallee*, 391 U.S. 234, 238 (1968) (noting repeated reference in statute to custody requirement and historic basis for this requirement in Anglo-American law). For the purposes of making such a determination, the term "custody" can extend beyond physical confinement and encompass other "significant restraints" on liberty. The Court has held, for example, that parole can satisfy the "in custody" requirement because the prisoner's release from physical confinement is conditioned on his satisfying the various requirements of his parole. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963). While the meaning of the custody requirement has been extended beyond literal imprisonment, however, it has not been extended so far as to include simply any collateral

3

consequence of a criminal conviction where the sentence has fully expired. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 492 (1989) (the possible collateral consequence of an increased sentence under a habitual offender statute in a future criminal case does not satisfy the custody requirement for habeas corpus); *Obado v. State of New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (obligation to make restitution does not satisfy the custody requirement); *Lefkowitz v. Fair*, 816 F.2d 17, 21 (1st Cir. 1987) (revocation of a medical license does not satisfy the custody requirement). In order for a collateral consequence of a conviction to satisfy the custody requirement, it must be a significant restraint on liberty that requires the petitioner be physically present in a specific place. *See, e.g., Barry v. Bergen County Probation Department*, 128 F.3d 152, 161 (3d Cir. 1997) (holding that supervised community service obligation satisfied the habeas custody requirement). Finally, the Supreme Court interprets the statutory language of § 2254(a) as requiring that the habeas petitioner satisfy the "custody" requirement at the time his petition *is filed*. *Maleng*, 490 U.S. at 490-91 (citing *Carafas*, 391 U.S. at 238).

When Pham filed his petition for habeas corpus in this matter on December 4, 2017, he was not then in the physical custody of the Commonwealth of Pennsylvania. We cannot determine, however, whether he might be subject to any "significant restraints" on liberty as a result of his 2015 state conviction in the form of parole following a release from custody prior to his maximum date. This information is simply not available in the publicly-available state court dockets. Accordingly, in order to establish whether the Court has jurisdiction to proceed with consideration of Pham's § 2254 petition, we will enter an Order directing him to supply further information concerning execution of his state sentence and whether it has expired.

## III. CONCLUSION

We cannot determine from the present state of Pham's pleadings whether he can establish that this Court has jurisdiction to offer any form of relief that he seeks pursuant to 28 U.S.C. § 2254. Before we make a recommendation as to the disposition of this petition, and before we will require the District Attorney to make any response to the petition, we will seek from Petitioner the additional information that will enable us to determine this jurisdictional question.[1]

A separate order follows.

---

[1] We will do so by way of interrogatories that we hope will be straightforward and easily comprehended by the *pro se* Petitioner who has asserted at times in state court a need for an interpreter.